# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | |
|---|---|
| ROSS ALAN HOPE; and<br>POWERS OF ARKANSAS | PLAINTIFFS |
| v.  No. 4:18CV00114 JLH | |
| DEPARTMENT OF VETERANS AFFAIRS;<br>JAN FRYE; and TIMOTHY BAKER | DEFENDANTS |

## OPINION AND ORDER

This action concerns a Department of Veterans Affairs (VA) decision to begin the process of debarring Ross Alan Hope and Powers of Arkansas, an HVAC company, from government contracting. In addition to filing a complaint, Hope and Powers of Arkansas filed a motion for temporary restraining order and preliminary injunction pursuant to Federal Rule of Civil Procedure 65 seeking a court order precluding the VA from enforcing its decision. Document #2. The parties briefed the motion and the Court heard oral argument.

Hope is the Chief Executive Officer of Powers of Arkansas. Federal law enforcement agents began investigating Hope and others in 2012 for fraudulently presenting DAV Construction Company, Inc., as a legitimate service-disabled, Veteran-owned small business in order to obtain government construction contracts set aside for small businesses owned by service-disabled veterans. Allegedly, DAV was a "pass-through" or "front company" for Powers of Arkansas and another company. Federal law enforcement agents executed a search and seizure warrant at Hope's home and the office of Powers of Arkansas in 2015. On December 7, 2016, Hope was indicted for conspiracy to defraud the United States and to commit major fraud, major fraud against the United States, and wire fraud. The matter was tried by jury. On September 14, 2017, the jury reported that it was hopelessly deadlocked, so the Court declared a mistrial. On October 10, 2017, the VA suspended Hope and Powers of Arkansas from government contracting based on the indictment.

On November 6, 2017, the United States moved to dismiss the indictment with prejudice and the Court granted the motion the following day. Then, Hope and Powers of Arkansas requested that their suspensions be lifted. On January 26, 2018, Jan Frye, the Suspending and Debarring Official, notified Hope and Powers of Arkansas that the VA was ending the suspensions but proposing them for debarment. A contractor may not obtain government contracts while debarment proceedings are pending.

Hope and Powers of Arkansas base their plea for relief on two theories, the first attacking the merits of the VA's decision and the second attacking the procedure implemented by the VA to reach that decision. On their first claim, the plaintiffs contend that the VA's decision to issue the notices of proposed debarment was arbitrary and capricious, and an abuse of discretion in violation of due process. For their second claim, the plaintiffs contend that the VA denied them due process because it did not commence debarment proceedings earlier but, instead, continued to award them government contracts despite an ongoing federal investigation and, later, a criminal proceeding.

## I.

Before addressing the merits of the complaint, the Court must assure that it has jurisdiction. The Administrative Procedure Act does not directly grant jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 105, 97 S. Ct. 980, 984, 51 L. Ed. 192 (1977). Twenty-Eight U.S.C. § 1331 "confer[s] jurisdiction on federal courts to review agency action, regardless of whether the APA of its own force may serve as a jurisdictional predicate." *Id*. But the APA does waive sovereign immunity in certain circumstances and provides the framework for judicial review of agency action. *Preferred Risk Mut. Ins. Co. v. United States*, 86 F.3d 789, 792 (8th Cir. 1996) (citing 5 U.S.C. § 702). Sovereign immunity is jurisdictional in nature and, absent a waiver, it shields the VA and its employees sued in their official capacities from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.

Ct. 996, 1000, 127 L. Ed. 2d 308 (1994); *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S. Ct. 3099, 3106, 87 L. Ed. 2d 114 (1985). "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. For an agency action to be "final," the action must mark the "consummation" of the agency's decision-making process and the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78, 117 S. Ct. 1154, 1168, 134 L. Ed. 2d 281 (1997); *Hawkes Co., Inc. v. United States Army Corps of Eng'rs*, 782 F.3d 994, 999 (8th Cir. 2015). The notices of proposed debarment sent to Hope and Powers of Arkansas on January 26, 2018 did not mark the "consummation" of the VA's decision-making process. *See* 48 C.F.R. § 9.406-3.

The VA has established a procedure pursuant to which a committee considers whether there is evidence of a cause for debarment under 48 C.F.R. § 9-406-2, presents the facts to the debarring official, and then, if there is evidence, the committee prepares a notice of proposed debarment for the signature of the debarring official. 48 C.F.R. § 809.406-3(c). The committee sends the notice to the contractor and posts the notice to the General Services Administration Excluded Parties List pending a debarment decision. *Id*. If the VA does not receive a reply from the contractor within 45 days of sending the notice of proposed department, the committee prepares a recommendation and refers the case to the debarring official for a decision. *Id*. at § 809.406-3(d). If the VA does receive a reply, the committee must consider the information in the reply before it makes its recommendation to the debarring official. *Id*. at § 809.406-3(e). If the contractor so desires, he may appear before the committee to present information or argument in person or through a representative and supplement the oral argument with written information and argument. *Id*. at 809.406-3(f). The committee then submits a report of the proceeding to the debarring official. *Id*.

If the committee and the debarring official agree that there is a genuine dispute of material fact, the dispute is referred to a designee for resolution. *Id*. at 809.406-3(g). If there is no genuine dispute of material fact or after the designee has resolved any factual disputes, then the debarring official makes a decision. *Id*. at 809.406-3(h).

Here, the VA has completed only steps one and two: The committee prepared notices of proposed debarment, Frye signed those notices, the committee sent the notices to Hope and Powers of Arkansas, and the committee posted the notices to the excluded parties list. Documents #11-3 and #11-4. The VA's decision-making process has only just begun; there has been no final agency action. Therefore, the APA does not authorize the Court to review the merits of the proposed debarment at this stage.

Hope and Powers of Arkansas argue that because seeking a remedy within the VA would be futile, the Court should waive the APA's requirement that there be a final agency action prior to judicial review. They rely on an exception to the general principle that exhaustion is required to prevent premature interference with agency processes: "Courts may waive the exhaustion requirement if claimants establish: '(1) their claims to the district court are collateral to their claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion will otherwise be futile.'" *Degnan v. Burwell*, 765 F.3d 805, 809 (8th Cir. 2014) (quoting *Titus v. Sullivan*, 4 F.3d 590, 592 (8th Cir. 1993)). But the exhaustion of administrative remedies is not the issue here. The United States Supreme Court explained: "The question whether administrative remedies must be exhausted is conceptually distinct . . . from the question of whether an administrative action must be final before it is judicially reviewable." *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 192, 105 S. Ct. 3108, 3119, 87 L. Ed. 2d 126 (1985). The Court recognized that while the concepts of exhaustion and finality often converge, "exhaustion" relates

to the steps a litigant must take, while "finality" relates to completion of action by the agency. *See id*. at 193, 105 S. Ct. at 3120; *see also Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 593 (D.C. Cir. 2001) (noting that the plaintiff's argument conflated the doctrines of finality and exhaustion, rejecting the notion that futility should create finality and subject matter jurisdiction, and affirming the district court's holding that "futility cannot create agency action for purposes of jurisdiction"); *Bethlehem Steel Corp. v. Envtl. Prot. Agency*, 669 F.2d 903 (3d Cir. 1982). Hope and Powers of Arkansas may not bypass the requirement of a final agency action by asserting futility. The defendants are entitled to sovereign immunity and the Court does not have jurisdiction over any claim based on the proposed debarment.

## II.

Hope and Powers of Arkansas maintain that the Court has jurisdiction to review the alleged violations of the Due Process Clause regarding the delayed initiation of debarment proceedings because those violations are final and separate from the merits of the proposed debarment. In other words, the harm caused by the VA's failure to initiate debarment proceedings is complete and the Court should be able to consider whether the plaintiffs were provided due process.

The APA provides that its provisions apply except to the extent that "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). The United States Supreme Court held in *Heckler v. Chaney* that when an agency declines to initiate enforcement proceedings, that decision is not presumptively reviewable. *See Greer v. Chao*, 492 F.3d 962, 965 (8th Cir. 2007) (citing 470 U.S. 821, 105 S. Ct. 1649, 1654, 84 L. Ed. 2d 714 (1985)). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Chaney*, 470 U.S. at 831, 105 S. Ct. at 1655. "This is true because when an agency decides to seek enforcement actions (or declines to seek enforcement

5

actions), it is entitled to the same type of discretion that a prosecutor is afforded in bringing (or not bringing) criminal charges." *Greer*, 492 F.3d at 964.

While the regulations provide specific reasons for which the debarring official "may" debar a contractor, the decision whether to debar a contractor is discretionary. 48 C.F.R. § 9.402(a); 48 C.F.R. § 9.406-2. Furthermore, debarment does not require immediate action. *See* 48 C.F.R. § 9.406-2. Hope and Powers of Arkansas have failed to show that the defendants' decision not to suspend or debar them until October 2017 after the mistrial is reviewable. The VA's decision not to suspend or debar the plaintiffs involved a number of factors "peculiarly within its expertise." *See Chaney*, 470 U.S. at 831, 105 S. Ct. 1655. The VA, not the Court, was in the best position to assess whether agency resources were best spent on pursuing suspension or debarment of the plaintiffs while the criminal investigation and proceedings were ongoing. Because the decision not to suspend or debar the plaintiffs is committed by law to the VA's discretion, this Court lacks jurisdiction to review that decision. *See Tamenut v. Mukasey*, 521 F.3d 1000, 1001 (8th Cir. 2008) (holding that when decision was relegated to agency's discretion, the court lacked jurisdiction to review).

Even if the VA's inaction were reviewable, Hope and Powers of Arkansas cannot show a likelihood of success on the merits, which is required for a temporary restraining order and a preliminary injunction. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law." The Eighth Circuit explained what is necessary to establish a procedural due process violation:

> To set forth a procedural due process violation, a plaintiff, first, must establish that his protected liberty or property interest is at stake. Second, the plaintiff must prove that the defendant deprived him of such an interest without due process of law."[*Gordon v. Hansen*, 168 F.3d 1109, 1114 (8th Cir. 1999)] (internal citation omitted). "Due process is a flexible concept, requiring only 'such procedural

6

> protections as the particular situation demands.'" *Clark v. Kan. City Mo. Sch. Dist.*, 375 F.3d 698, 702 (8th Cir.2004) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). "The fundamental requirement of due process 'is the opportunity to be heard at a meaningful time and in a meaningful *818 manner.'" *Id.* (quoting *Mathews*, 424 U.S. at 333, 96 S.Ct. 893).

*Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 817 (8th Cir. 2011). The plaintiffs claim a liberty or property interest in their business reputation and goodwill, *see Paul v. Davis*, 424 U.S. 693, 701, 711, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), and the VA has not disputed that portion of their claim. The issue is whether the defendants have deprived the plaintiffs of liberty or property without due process of law. According to Alan Hope's affidavit, Powers of Arkansas was awarded more than 150 government contracts after the search and seizure of August 2015. Document #2 at 9, ¶6. The delay benefitted the plaintiffs; it did not deprive them of liberty or property. The plaintiffs say that they have suffered harm to business reputation or goodwill but that harm has been caused by the placement of the plaintiffs on the exclusion list pursuant to the notice of proposed debarment, not by any delay in doing so.

## CONCLUSION

For the foregoing reasons, the motion for temporary restraining order and preliminary injunction is DENIED. Document #2. Because the Court lacks jurisdiction, this action is dismissed without prejudice.

IT IS SO ORDERED this 22nd day of February, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE